James R. Moody, Commissioner Office of Administration Post Office Box 809 Jefferson City, Missouri 65102
Dear Commissioner Moody:
This opinion letter is in response to the following questions received from your office:
 The question has been raised with this office as to whether or not employees of Watershed Subdistricts of a Soil and Water Conservation District can be covered by OASDHI, as provided in [Sections] 105.300
to 105.445, RSMo. The question is whether or not Watershed Subdistricts are instrumentalities of the state or its political subdivisions. [Sections] 278.160
to 278.300, RSMo provide for the establishment of Watershed Subdistricts and outline their organization and the extent of their authority.
 Are employees of Watershed Subdistricts covered by OASDHI and, if so, should they be covered by direct agreement between the Watershed Subdistrict and this office, or as part of the Soil and Water Conservation District?
Section 105.310, RSMo 1986, explains the manner in which the state and federal government can provide coverage and the types of services to be covered.
 105.310. Federal-state agreement — contents — services covered. — 1. The state agency, with the approval of the governor, shall enter into on behalf of the state an agreement with the Secretary of Health and Human Services, consistent with sections 105.300 to 105.440, for the purpose of extending the benefits of the federal old age and survivors insurance system to employees of the state or of any of its political subdivisions, or of any instrumentality of any one or more of them, with respect to services specified in such agreement, which constitute employment as defined in section 105.300. . . .
* * *
 4. All services shall be covered by the agreement which:
 (1) Constitute employment as defined in section 105.300;
 (2) Are performed in the employ of a political subdivision or in the employ of an instrumentality of either the state or a political subdivision; . . . and
 (3) Are covered by a plan which is in conformity with the terms of the agreement approved by the state agency under section 105.350. [Emphasis added.]
* * *
Definitions of the terms underscored are set out in Section105.300, RSMo 1986, as follows:
 (4) "Employment", any service performed by any employee of the state or any of its political subdivisions or any instrumentality of either of them, which may be covered, under applicable federal law, in the agreement between the state and the Secretary of Health, Education and Welfare, except services, which in the absence of an agreement entered into under sections 105.300 to 105.440 would constitute "employment" as defined in section 210 of the Social Security Act (42 U.S.C.A. § 410); any services performed by an employee as a member of a coverage group, in positions covered by a retirement system on the date such agreement is made applicable to such coverage group, which retirement system is supported wholly or in part by the state or any of its instrumentalities or political subdivisions, shall not be considered as "employment" within the meaning of sections 105.300 to 105.440; however, service which under the Social Security Act may be included only upon certification by the governor in accordance with section 218(d)(3) of that act shall be included in the term "employment" if and when the governor issues, with respect to such service, a certificate to the Secretary of Health, Education and Welfare pursuant to section 105.353;
* * *
 (7) "Instrumentality", an instrumentality of a state or of one or more of its political subdivisions but only if such instrumentality is a juristic entity which is legally separate and distinct from the state or such political subdivision and whose employees are not by virtue of their relation to such juristic entity employees of the state or such subdivision;
 (8) "Political subdivision", any county, township, municipal corporation, school district, or other governmental entity of equivalent rank;
* * *
 (11) "State agency", office of administration, division of accounting;
* * *
In Opinion No. 80, Schwada, July 12, 1961, a copy of which is enclosed, this office addressed the questions of whether soil conservation districts (now referred to as soil and water conservation districts) are instrumentalities of the state or its political subdivisions, whether employees of soil conservation districts are covered by OASI as provided in Section 105.310, RSMo 1959, and, if so, if they should be covered by direct agreement between the district and the State Comptroller and Budget Director or by some other method. In that opinion, we concluded that soil conservation districts are instrumentalities of the state because the operation of a district is a governmental function. We determined that the definition of "instrumentality" in Section 105.300(7), RSMo, imposed three additional requirements on an instrumentality of the state; it must be "(1) a juristic entity which is (2) legally separate and distinct from the state or any political subdivision and (3) whose employees are not by virtue of their relation to such juristic entity employees of the state or any political subdivision." Opinion No. 80, page 4. We concluded that a soil conservation district meets all of these requirements. Employees could be covered pursuant to an agreement between the district and the office of the Comptroller and Budget Director.
Watershed subdistricts are formed pursuant to the provisions of Sections 278.160 to 278.300, RSMo. In Opinion No. 83, Slusher, March 21, 1960, a copy of which is enclosed, we stated:
 The administration of a subdistrict is an activity of the soil conservation district or districts in which the sub[district] shall be located. Such a subdistrict is not a separate legal entity, and the activities carried on therein are those carried on by the soil conservation district or districts in which the subdistrict is located.
Based on these two prior opinions, it is the opinion of this office that employees of a watershed subdistrict can be covered by OASDHI pursuant to an agreement between your office and the soil and water conservation district(s) in which the subdistrict is located.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 80, Schwada, July 12, 1961 Opinion No. 83, Slusher, March 21, 1960